UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
SIENNA VENTURES, LLC,

        Plaintiff,

  -against-

HALLEY EQUIPMENT LEASING, LLC,

        Defendant.
---------------------------------------------------X

**MEMORANDUM AND ORDER**
18-CV-201(DRH)(GRB)

      Plaintiff, a New York Limited Liability Company with a single member who is a citizen and resident of New York, commenced this action on January 11, 2018 asserting claims for breach of an Aircraft Purchase Agreement (the "Agreement") and alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000. (Complaint. ¶ 2.) Named as Defendant in the original complaint was Halley Equipment Leasing, LLC, "a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 1250 W. Southlake Blvd., Southlake, TX 76092." (*Id.* ¶ 5.) In the original Complaint, Plaintiff failed to allege the citizenship and residency of Defendant's members.

      In accordance with its obligation to ensure that subject matter jurisdiction exists, on January 17, 2018, this Court ordered Plaintiff to show cause in writing why the action should not be dismissed for lack of subject matter jurisdiction. On February 6, 2018, Plaintiff filed an amended Complaint, which again failed to address the citizenship and residency of Defendant's members.

      On February 7, 2018, Plaintiff responded to the Court's order to show cause by letter, which alleges simply that "subject matter jurisdiction exists in this case as Sienna Ventures, LLC

[] is a New York Limited Liability Company and its sole member is a citizen and resident of New York, and Halley Equipment Leasing, LLC [] is a Texas Limited Liability Company." (Response to Order to Show Cause [DE 9] at 1.) Plaintiff makes no other allegations concerning the residency or citizenship of Defendant's members. Thus, as explained below, the case is dismissed for lack of subject matter jurisdiction.

I.     **Principles Regarding Diversity Jurisdiction**

Diversity jurisdiction exists when all plaintiffs are citizens of states diverse from those of all defendants. *Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117- 18 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)). The party asserting diversity jurisdiction has the burden to prove the same. *Pennsylvania Pub. Sch. Employees' Ret. Sys.*, 772 F.3d at 118. "[D]iversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record[.]" *Leveraged Leasing Admin. Corp. v. PacificCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (internal quotation marks omitted). "A conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." *Richmond v. International Bus. Machs. Corp.*, 919 F. Supp. 107, 108 (E.D.N.Y. 1996), *aff'd*, 841 F.2d 1116 (2d Cir. 1988).

For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Davis v. Cannick*, 2015 WL 1954491, at *2 (E.D.N.Y. 2015); *Young-Gibson v. Patel*, 476 Fed. App'x 482, 483 (2d Cir. June 12, 2012). "For purposes of diversity jurisdiction, [an individual's] citizenship depends on his domicile." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998).

The citizenship of a limited liability company ("LLC") is determined by the citizenship of each of its members. *See, e.g., Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Handelsman v. Bedford Vill. Assocs. Ltd P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000). "A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc.*, 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010), (citing *Handelsman,* 213 F.3d at 51–52)); *Bishop v. Toys "R" Us-NY LLC*, 414 F. Supp.2d 385, 389 n.1 (S.D.N.Y. 2006), *aff'd*, 385 Fed. App'x 38 (2d Cir. 2010).

## II. The Amended Complaint

When viewed against the foregoing principles, diversity jurisdiction has not been properly pled in this case as the citizenship of the limited liability companies is deficient. Plaintiff has had three proverbial "bites at the apple" to properly allege subject matter jurisdiction; in the Complaint, the Amended Complaint, and the Response to the Order to Show Cause. Plaintiff has failed to do so on all occasions. Notably, Plaintiff does not even acknowledge this fatal shortcoming in its Response to the Order to Show Cause.

## III. Conclusion

Given that the Court specifically ordered Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction and Plaintiff still failed to do so, the Court dismisses the action. The Clerk of Court is directed to close the case.

Dated: Central Islip, New York
      April 2, 2018                                                             /s/
                                                                  Denis R. Hurley
                                                                 United States District Judge